IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| G.E. CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-210 C |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**Joint Preliminary Status Report**

In compliance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's Special Procedures Order, dated April 7, 2006, the parties submit this Joint Preliminary Status Report.

**Part One: Appendix A, Section III, ¶4**

**(a)** Does the court have jurisdiction over the action?

G.E. Capital believes that this is a civil action for breach of contract against an agency of the United States in excess of $10,000.00 that was denied by the applicable contracting officer and, accordingly, that this Court has personal and subject matter jurisdiction pursuant to 28 U.S.C. § 2501 and 41 U.S.C. § 609.

The United States believes that this Court lacks jurisdiction over this matter because the lease in question was assigned in violation of one or both of the anti-assignment acts. See, e.g., Nova Cas. Co. v. United States, 69 Fed.Cl. 284, 291 (2006) (dismissing case for lack of subject matter jurisdiction pursuant to

RCFC 12(b)(1) where plaintiffs violated the anti-assignment acts).

**(b)** Should the case be consolidated with any other case and, if so, why?

No.

**(c)** Should trial of liability and damages be bifurcated and, if so, why?

No.

**(d)** Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

No.

**(e)** In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No.

**(f)** Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.

No.

**(g)** Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Plaintiff: No.

Defendant: Yes. The United States anticipates filing a motion for summary judgment in this matter by December 8, 2006. As we identify below, the basis for that motion will be the plaintiff's violation of the anti-assignment acts and plaintiff's failure to state a claim upon which relief can be granted.

**(h)** What are the relevant factual and legal issues?

Plaintiff asserts that on September 2, 2003, Defendant United States Veterans Health Administration and IOS Capital, LLC entered into a sixty (60) month written equipment Lease Agreement (the "Lease") for the lease of two photocopy machines and accompanying equipment (*Appx Pg. 1*). The lease required sixty consecutive monthly payments of $3,790.85. IOS Capital sold and assigned the lease and the leased equipment to Plaintiff G. E. Capital Information Technology Solutions, Inc., d/b/a IKON Financial Services, which is now the lessor under the Lease. The lease as executed on behalf of the VHA by Mr. Bryan T. Bayley, the Chief Information Officer. On September 26, 2003, the leased equipment was physically delivered to and accepted by the VHA at its premises at 4801 Linwood, Kansas City, Missouri 64128 (*Appx Pg. 4*). The VHA kept the equipment and used it for more than two years before it stopped paying the monthly payments. Twenty-five (25) monthly installment payments remain due (*Appx Pg. 5*).

Plaintiff further asserts that the VHA claims that the lease was an "unauthorized commitment" because it was executed by Mr. Bayley, who allegedly was not a duly authorized Contracting Officer and who lacked the authority to enter into the lease on behalf of the VHA and that IOS Capital was not authorized to transfer the lease to Plaintiff. To the contrary, Plaintiff claims that the VHA ratified the lease and made an implied-in-fact contract for the use of the photocopying equipment, and further claims that it is entitled to recover the fair value of the VHA's use of the equipment.

Plaintiff claims the following damages:

| | |
|---|---|
| Unpaid Rent, 35 months discounted at 6% | $121,425.00 |
| Property Taxes | $ 2,926.00 |
| PV of Equipment Residual Value | $ 27,850.00 |
| Late Fees (5%) | $ 7,610.00 |
| | $159,811.00 |

| | |
|---|---|
| Interest (9% for 10 months) | $ 10,791.00 |
| Attorney Fees | $ 42,651.00 |
| Total Due | $213,253.00 |

The United States asserts that Mr. Bayley lacked either express or implied authority to enter into the alleged lease with IOS Capital. Further, no officials of VHA with requisite authority approved or otherwise ratified the lease agreement signed by Mr. Bayley. Instead, when authorized officials discovered Mr. Bayley's actions, they terminated the lease and requested that G.E. Capital remove the equipment. The VHA paid for the equipment while the equipment was in its possession; as soon as the unauthorized commitment was discovered, the VHA returned the equipment. G.E. Capital is therefore not entitled to damages.

Moreover, on the face of the complaint, IOS Capital assigned the lease in question to G.E. Capital in violation of one or both of the anti-assignment acts, codified at 41 U.S.C. § 15 and 31 U.S.C. § 3727. G.E. Capital thus lacks standing to sue in this Court.

**(i)** What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff believes that there is a reasonable likelihood that the case can be settled and invites Defendant to actively pursue ADR in order to make a good faith effort to reach a settlement.

The United States believes this case is not amenable to settlement for two reasons. First, this Court lacks jurisdiction over this matter because G.E. Capital received its lease in violation of the anti-assignment acts. Second, G.E. Capital has failed to state a cause of action because this lease was an unauthorized commitment.

**(j)** Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day

period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.

Plaintiff feels that discovery can be completed within a 90 day period and requests an expedited trial schedule. Plaintiff anticipates that the case can be tried in one day.

The United States anticipates that this case can be resolved by dispositive motion.

**(k)** Are there special issues regarding electronic case management needs?

No.

**(l)** Is there other information of which the court should be aware at this time?

No.

**Part Two: Joint Proposed Discovery Plan**

1. Any motion to join additional parties shall be filed on or before:

N/A

2. Any motion to amend the pleadings shall be filed on or before

December 15, 2006.

3. Discovery will not be conducted in phases or limited to certain

issues.

4. Each party shall disclose their expert witnesses and reports and

make their expert witnesses available for depositions as follows:

(a) Plaintiff shall disclose all expert witnesses and shall provide reports required by Rule 26(a)(2) no later than October 1, 2006.

(b) Plaintiff shall make such experts available for deposition no later than October 31, 2006.

(c) Defendant shall disclose all expert witnesses and shall provide reports required by Rule 26(a)(2) no later than October 1, 2006.

(d) Defendant shall make such witnesses available for deposition no later than October 31, 2006.

5. The presumptive limits of ten depositions per side as set forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure will apply to this case.

6. The parties shall be allowed thirty-five interrogatories.

7. No physical or mental examinations of the parties are expected under Rule 35 of the Federal Rules of Civil Procedure.

8. All discovery will be completed by November 3, 2006.

9. All dispositive motions shall be filed no later than December 8, 2006, with all responses and memorandums in opposition to be filed no

later than 30 days afterwards.

**Law Offices of**
**Thomas G. Berndsen, P.C.**

By:
s/ Thomas G. Berndsen
Thomas G. Berndsen
1650 Des Peres Road, Suite 135
St. Louis, Missouri 63131-1899
(314) 965-5600
(314) 965-5650 (Facsimile)
thomasg@berndsenpc.com
Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Sean B. McNamara
SEAN B. McNAMARA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, DC 20005
Tele: (202) 305-7573
Fax: (202) 514-8624

Attorneys for Defendant

Dated: July 28, 2006